J^SHORTESS, J.
Leslie Fitzgerald, Elizabeth Harling, and Charles Huggins (plaintiffs) moved to Louisiana from Florida, New Jersey, and California, respectively. Each was required to pay a local use tax when registering his or her vehicle with the State of Louisiana. Plaintiffs sued for a refund of those taxes, naming multitudinous defendants and alleging various theories, all of which have changed over the course of the litigation.
Plaintiffs sought to have themselves 'certified as representatives of the class of all persons who have brought vehicles into Louisiana from other states and registered them pursuant to the Louisiana Vehicle Registration License Tax law, Louisiana Revised Statute 47:451 through 540. Plaintiffs named nine taxing authorities from Caddo and Natchitoches Parishes in their “First Supplemental, Amended and Restated Petition” and sought to have them certified as representative defendants. Plaintiffs allege in their restated petition that because local use taxes are collected from those who move into Louisiana from other states but are not collected from Louisiana residents who move from one parish or political subdivision to another, the tax-collection process violates the Commerce and Equal Protection Clauses of the United States Constitution. Plaintiffs contend they are entitled to damages equal to the amount of taxes they paid and attorney fees under 42 U.S.C. §§ 1983 and 1988.
Plaintiffs moved to certify the class. They also moved for summary judgment. One of the putative-representative defendants, the Natchitoches Parish School Board (defendant), also moved for summary judgment. The trial court denied plaintiffs’ motions for class certification and summary judgment but granted defendant’s motion for summary judgment, dismissing plaintiffs’ claims against it. Plaintiffs’ motion for new trial on the class certification was denied. Plaintiffs applied for supervisory writs on the denial of their motions and, after the trial court certified it as final, appealed the judgment dismissing defendant. The issues raised in plaintiffs’ writ are addressed in our decision rendered this date under docket number 98 CW 0384. This appeal addresses only the propriety of granting defendant’s motion for summary judgment.
Plaintiffs contend the Commerce and Equal Protection Clauses are violated when someone who moves into Louisiana is forced to pay a local use tax, while a Louisiana resident who moves from one taxing jurisdiction in Louisiana to another pays no use tax. Defendant, on the other hand, contends plaintiffs are comparing the wrong [¡¡two events. The trial court agreed, stating plaintiffs were “attempting to compare apples and oranges.” The trial court found the “apples-to-apples” comparison was made by looking at what occurs when a vehicle is registered in this state for the first time, whether by a Louisiana resident or by one who has just moved here. The Louisiana resident pays a local sales tax, while the person who moves into the state pays a comparable use tax. Thereafter, the vehicles are treated identically if they are moved to another taxing jurisdiction within the state, i.e., no local use tax is collected.
The Commerce Clause has long been understood to deny the States the power to discriminate unjustifiably against or burden the interstate flow of articles of commerce.[1] The first step to analyzing *502 any law subject to judicial scrutiny under the Commerce Clause is to determine whether it regulates evenhandedly with only incidental effects on interstate commerce, or whether it discriminates against interstate commerce. “Discrimination” as used in this context means simply the differential treatment of in-state and out-of-state economic interest that benefits the former and burdens the latter.[2]
Even if the law is facially discriminatory because it imposes a burden on interstate commerce, it does not offend the Commerce Clause if a complementary, i.e., an identifiable and substantially similar, burden is imposed on intrastate commerce.[3] The “prototypical example” of complementary burdens are sales and use taxes.[4]
We agree with the trial court that when an “apples-to-apples” comparison is made, no discrimination is shown. The first-time registration by someone moving into the state is the only action herein that affects interstate commerce. When registering a vehicle for the first time in Louisiana, the new resident pays the same amount of local use tax as the long-time resident pays in sales tax. Thus, the sales and use taxes are complementary and non-discriminatory. Plaintiffs have failed to show discrimination affecting interstate commerce, and the trial court correctly granted summary judgment in defendant’s favor. For these reasons, the judgment of the trial court is affirmed at plaintiffs’ cost.
AFFIRMED.

. Oregon Waste Systems v. Dep't of Envtl. Quality, 511 U.S. 93, 98, 114 S.Ct. 1345, 128 L.Ed.2d 13 (1994).

. Id. at 99, 114 S.Ct. 1345.

. Id. at 103, 114 S.Ct. 1345.

. Id. at 105, 114 S.Ct. 1345.